CAM TRIMBLE, Respondent, v. ALPHONSO MOORE, Administrator, etc., Appellant.

**Kansas City Court of Appeals, June 3, 1907.**

1. ADMINISTRATION: Demand, Payments. Where there is a claim for payments on an account for services other than those shown in the affidavit attached to the demand presented to the probate court, the administrator should make proof of such payments.

2. ——: ——: ——: ——: Instruction. The demand admitted payment of three hundred dollars. An instruction permitted the finding in any sum the jury might believe the services were reasonably worth, not to exceed the balance sued for without directing the deduction of the payments. *Held*, error and not cured by other instructions in the case.

Appeal from Saline Circuit Court.—*Hon. Samuel Davis*, Judge.

AFFIRMED, *si*.

*R. B. Ruff, J. H. Denny* and *H. J. West* for appellant.

(1) The correct measure of recovery in this case is the reasonable value of plaintiff's services less what he has received in payment.

*Sam C. Major, Percival Birch* and *D. D. Duggins* for respondent.

(1) The plaintiff gave credit for the amounts which he claimed he received. The defendant offered no evidence whatever of any further or greater payments. If the defendant knew of other payments it became his duty to offer proof in that behalf. Having failed to do so, the inference is irresistible that there were no further payments. (2) The plaintiff's claim was originally for three thousand, three hundred and ninety dollars

credited by amounts received of three hundred dollars, leaving balance due him which he was suing of three thousand, and ninety dollars. The case was not tried upon any evidence of payment. (3) The plaintiff's claim being in the nature of a running account and the deceased having an account against plaintiff, created mutual accounts, and the rule contended for by appellant is not applicable in cases of mutual accounts. Sidway v. Stock Co., 187 Mo. 668; Gibson Bros. v. Jenkins, 97 Mo. App. 36; Chadwick v. Chadwick, 115 Mo. 586. The defendant having failed to offer any proof whatever of payments, then no presumptions of payments can be invoked. Ryans v. Hospes, 187 Mo. 342.

ELLISON, J.—The plaintiff presented his account to the probate court of Howard county against the estate of Robertson Moore for personal services rendered to Moore at his request. He obtained an allowance of fifteen hundred dollars in that court. The case was appealed to the circuit court and a change of venue taken to the circuit court of Saline county where he again had judgment for the same amount. The services were stated to have begun January 1, 1895, and continued to January 1, 1905, at three hundred dollars per year and from the latter date to June 6, 1905, to Moore's death, at seventy-five dollars per month, making a total claim of thirty-three hundred and ninety dollars. That sum was credited with three hundred dollars paid "at various times extending over the years" of the account; leaving a balance of three thousand and ninety dollars, for which judgment was asked.

There was evidence tending to support plaintiff's claim. And so the evidence supported the idea of a continuous account so as to cut out any application of the Statute of Limitations. But what was the value of plaintiff's services was a matter of contest between

Trimble v. Moore.

the parties. Plaintiff having shown that he rendered the services as an attendant upon the deceased, the proof of any payments therefor (above what plaintiff allowed and admitted to have been made in his account wherein he was required to make oath that he had given all proper credits) should have been made by the representative of the estate.

As already stated, plaintiff did admit and allow as a credit on his account the sum of three hundred dollars as for payments made. This brings us to a substantial error in the instructions for plaintiff. The jury were properly directed as to what they should believe in order to find for plaintiff at all, and then, as to the amount of the finding, there was added, "then you will find for plaintiff in whatever sum you may believe from the evidence such services were reasonably worth; not to exceed the sum of three thousand and ninety dollars." The account having admitted that three hundred dollars had been paid, the instruction should have directed the jury to find for plaintiff the value of the services not exceeding thirty-three hundred and ninety dollars less the payment of three hundred dollars. In other words that the jury should allow the value of the services, not to exceed thirty-three hundred and ninety dollars, and should deduct therefrom three hundred dollars, which had been paid. The jury did not consider the total value of the services as being thirty-three hundred and ninety dollars, nor even as three thousand and ninety dollars. They allowed fifteen hundred dollars and there is nothing to indicate that they found that sum after a deduction of three hundred dollars. They were directed to return a verdict for the value of the services and no mention made of a credit which plaintiff admitted. And so far as we have anything in the record to judge from, that credit was not allowed. If the jury believed the value of the services was only fifteen hundred dollars, that being a sum which, in the language of the

instruction, does "not exceed three thousand and ninety dollars," they were directed to return a verdict for that amount, thus ignoring the admitted payment.

Plaintiff has suggested that defendant's instruction numbered 4; cured this objection. But we do not think so. The references to payments in that instruction clearly do not refer to the admitted payment as credited on the account, but to other payments in contest between the parties. No reference was made therein to the credit. Even if it could be strained into a reference to the credit in question, it would that far be in contradiction of plaintiff's first. The only remedy we can apply is to offer an opportunity for a remittitur. If therefore plaintiff will within fifteen days remit three hundred dollars, the judgment will be affirmed at his cost, otherwise it will be reversed and the cause remanded. All concur.